# EXHIBIT 1

Filed for Record
4/26/2023 11:45 AM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
122683-CV
Alyssa Cook, Deputy

CAUSE NO. __122683-CV__

| | | |
|---|---|---|
| **ASIEL TAYLOR** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **BRAZORIA COUNTY, TEXAS** |
| | § | |
| **U.S. BANK, N.A.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Asiel Taylor, Plaintiff herein, filing this his Original Petition, Application for Injunctive Relief, and Request for disclosures complaining of U.S. Bank, N.A., Defendant herein, and for causes of action would respectfully show the Court as follows:

### DISCOVERY

1.     Plaintiff intends to conduct discovery under Texas Rules of Civil Procedure 190.3 (Level 2).

### PARTIES

2.     Asiel Taylor is an individual who resides in Brazoria County, Texas and may be served with process on the undersigned legal counsel.

3.     U.S. Bank, N.A. is an entity who conducts business in Brazoria County, Texas and may be served with process as follows:

> U.S. Bank, N.A.
> C/O Corporate Officer
> 800 Nicollet Mall, BC-MN, H190
> Minneapolis, MN 55402

### JURISDICTION AND VENUE

5.     The Court has jurisdiction over U.S. Bank, N.A. who conducts business Brazoria County, Texas.

Copy from re:SearchTX

6.     The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. Venue is mandatory in Brazoria County, Texas because the subject matter of the lawsuit involves real property which is located in Brazoria County, Texas. Further, all or a substantial part of the events or omissions giving rise to Plaintiff's causes of action against Defendant occurred in Brazoria County, Texas thus venue is proper under §15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## **RELEVANT FACTS**

6.     The subject matter of this lawsuit is the real property and the improvements thereon located at 45 Atascadero Drive, Manvel, TX 77578 (the "Property").

7.     Asiel Taylor ("Taylor") purchased the Property in on or about June 19, 2019. During the process of purchasing the Property and obtaining the construction loan, Taylor executed a Note as well as a Deed of Trust in which U.S. Bank, N.A. ("U.S. Bank") is listed as the Lender.

8.     Taylor was very consistent about paying his mortgage. Unfortunately, Taylor began to have COVID related financial difficulties in November 2021 at which point he reached out to U.S. Bank to obtain any financial assistance available for COVID related problems.

9.     Unfortunately, U.S. Bank refused to offer any help.  Taylor spent the next 3-4 months going back and forth with U.S. Bank trying to get any help he could get but every door was shut on him.

10.     Frustrated, Taylor began researching ways to save the Property including, but not limited to, selling the Property.  Despite having the ability to make the mortgage payments, U.S. Bank still refused to let him make payments.  As such, Taylor continued his efforts to sell the Property for which he now has obtained several offers.

Copy from re:SearchTX

11.     Taylor was excited because he thought he would be able to at least obtain the equity out of Property; however, in April of 2023, Taylor began receiving a barrage of mail from investors and attorneys offering their services to help his save his home from the coming foreclosure sale on May 2, 2023.  Taylor was surprised to say the least because he had not received any notice from U.S. Bank regarding the scheduled foreclosure sale.   Apparently, U.S. Bank posted the Property for foreclosure without obtaining a court order to do so as well as failing to send Taylor/Taylor any notice of default, notice of acceleration, and notice of foreclosure sale which is a violation of the Texas Property Code and Taylor's due process rights.

12.     Accordingly, Plaintiff alleges that Defendant is attempting to wrongfully sell his Property at a foreclosure sale on May 2, 2023 which is a violation of the Texas Property Code, the Deed of Trust, and Plaintiff's due process rights.

## CLAIMS

### AGENCY & RESPONDEAT SUPERIOR

13.     Wherever it is alleged that Defendant did anything, or failed to do anything, it is meant that such conduct was done by Defendant's employees, vice principals, agents, attorneys, affiliated entities, and/or previous owners of the Note, in the normal or routine scope of their authority, or ratified by Defendant, or done with such apparent authority so as to cause Plaintiff to reasonably rely that such conduct was within the scope of their authority. Plaintiff did rely to Plaintiff's detriment on Defendant's representatives being vested with authority for their conduct. Defendant is vicariously liable for the conduct of their employees, vice principals, agents, attorneys, affiliated entities, representatives of Defendant's affiliated entities, and previous owners of the Note by virtue of respondeat superior, apparent authority, and estoppel doctrines.

Copy from re:SearchTX

**FIRST CAUSE OF ACTION:**
**<u>BREACH OF CONTRACT</u>**

14.     To the extent not inconsistent herewith, Asiel Taylor ("Taylor") incorporates by reference the allegations made in paragraphs 1 through 13 as if set forth fully herein.

15.     The actions committed by U.S. Bank, N.A. ("U.S. Bank") constitute breach of contract because:

        A.     There exists a valid, enforceable contract between Taylor and U.S. Bank;

        B.     Taylor has standing to sue for breach of contract;

        C.     Taylor performed, tendered performance, or was excused from performing his contractual obligations;

        D.     U.S. Bank breached the contract; and

        E.     The breach of contract by U.S. Bank caused Taylor injury.

**SECOND CAUSE OF ACTION:**
**<u>VIOLATION OF TEXAS PROPERTY CODE §5.065</u>**

23.     To the extent not inconsistent herewith, Asiel Taylor ("Taylor") incorporates by reference the allegations made in paragraphs 1 through 13 as if set forth fully herein.

24.     Pursuant to the provisions of the Texas Property Code, the holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. A proper notice of default must give the borrower notice that the alleged delinquency must be cured; otherwise, the loan will be accelerated and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the home owners clear and unequivocal acceleration notice. Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.

Copy from re:SearchTX

25.     The actions committed by U.S. Bank, N.A. ("U.S. Bank") constitute violations of the Texas Property Code §5.065 because U.S. Bank never sent proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration, and notice of foreclosure sale which are required in order for U.S. Bank to foreclose on their lien rights to the Property.

## DAMAGES:
## ACTUAL DAMAGES

26.     Plaintiff is entitled to recover his actual damages from Defendants for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

27.      Plaintiff is entitled to recover his exemplary damages from Defendants for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## ATTORNEYS' FEES

28.     Plaintiff was forced to employ the undersigned attorneys to represent his and has agreed to pay them reasonable attorneys' fees for their services. Plaintiff is entitled to recover his reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

29.      All conditions precedent to the Plaintiff's right to bring these causes of action have been performed, have occurred, or have been waived.

## REQUEST FOR DISCLOSURES

30.     Defendants are hereby requested to disclose to Plaintiff, within 50 days of service of

Copy from re:SearchTX

this request, the information and material described in Rule 194 of the Texas Rules of Civil Procedure.

## **APPLICATION FOR TEMPORARY RESTRAINING ORDER**

31.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraph 1 through paragraph 29 as if set forth fully herein.

32.     Unless Defendant is enjoined, Plaintiff will suffer probable harm which is imminent and irreparable. More specifically, if not enjoined, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the Property and potentially causing Plaintiff to be dispossessed of the Property. Defendant has already posted Plaintiff's Property for the May 2, 2023 foreclosure sale.  Plaintiff has no adequate remedy at law because the subject matter is real property, and any legal remedy of which Plaintiff may avail himself will not give his as complete, equal, adequate, and final a remedy as the injunctive relief sought in this Application.

33.     Therefore, Plaintiff requests that this Court issue a Temporary Restraining Order and, thereafter, a Temporary Injunction, to restrain Defendant from taking any further foreclosure action to sell the Property (including, but not limited to, sending notices of default, acceleration, and foreclosure sale) which is the subject matter of this lawsuit and is commonly known as 45 Atascadero Drive, Manvel, TX 77578.

34.     Plaintiff further requests that, upon trial on the merits, Defendant be permanently enjoined from the same acts listed in Paragraph 33 above.

35.     Plaintiff is likely to prevail on the merits of the lawsuit as described above.

36.     The granting of the relief requested is not inconsistent with public policy

Copy from re:SearchTX

considerations.

## BOND

37.     Plaintiff is willing to post a reasonable temporary restraining order bond and requests that the Court set such bond

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

A.     Defendant be cited to appear and answer herein;

B.     The Court conduct a hearing on Plaintiff's Application for Injunctive Relief;

C.     A temporary restraining order be issued restraining Defendant, their agents, employees, and legal counsel, and those acting in concert or participation with Defendant who receive actual notice of the Order, by personal service or otherwise, from taking any further foreclosure action to sell the Property (including, but not limited to, sending notices of default, acceleration, and foreclosure sale) which is the subject matter of this lawsuit and is commonly known as 45 Atascadero Drive, Manvel, TX 77578;

D.     A Permanent Injunction be entered enjoining Defendant from the same acts listed in Paragraph C above; and

E.     Upon final hearing or trial hereof, the Court order a judgment in favor of Plaintiff against Defendant for his actual damages, exemplary damages, reasonable attorneys' fees, all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Copy from re:SearchTX

Respectfully Submitted by,

**Law Office of Erick DeLaRue, PLLC**

By: ___/s/ Erick DeLaRue_____
    **ERICK DELARUE**
    Texas Bar No: 24103505
    2800 Post Oak Boulevard, Suite 4100
    Houston, TX  77056
    Telephone: 713-899-6727
    Email: erick.delarue@delaruelaw.com

    **ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX